UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

DEVON J. HYPES,

   Plaintiff,

     v.         CAUSE NO. 1:25-CV-22-JD-APR

JOHANNA SCOTT, MICHAEL
LAROWE, and SAVANNAH
WILLHELM,

   Defendants.

<u>OPINION AND ORDER</u>

Devon J. Hypes, a prisoner without a lawyer, filed a complaint alleging he was

harassed, defamed, slandered, extorted, and wrongfully incarcerated by DeKalb County

probation officers who were supervising his Mississippi interstate probation. ECF 17.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and

citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the

merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief against a

defendant who is immune from such relief.

Hypes was convicted of Larceny in Mississippi and started probation on March

22, 2024. *In Re: The Interstate Transfer of Probation of Devon Jordan Hypes from De Soto

County, MS, to DeKalb County, IN*, 17D01-2404-MC-150, (DeKalb Superior Court filed

April 25, 2024).[1] His probation supervision was transferred to DeKalb County, Indiana. *Id.*

Hypes alleges DeKalb County Indiana Probation Officer Johanna Scott violated him for failing a drug test, lied to the Mississippi Probation staff and lied to him about her communication with them, lied to his doctor about his medication and tried to get it cancelled, improperly placed him on an alcohol monitoring program and lied about his failure to complete it, improperly forced him to take drug tests and have his prescription medication audited, improperly served papers for him on his neighbor, accused him of lying, and lied about his attendance at required classes and had him improperly kicked out of them. He alleges Savannah Wilhelm led those classes and that the DeKalb Probation Office is supervised by Michael, the Chief Probation Officer.

"Probation and parole officials are entitled to absolute immunity for their activities that are analogous to those performed by judges. These include, for example, acts associated with the decision to grant, revoke, or deny parole, or the signing of an arrest warrant." *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) (cleaned up). Such immunity exists even where the allegation is that "the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). "Absolute immunity does not, however, extend to day-to-day

---

[1] The court takes judicial notice of the electronic docket of the State court, available at https://public.courts.in.gov/mycase/. *See* Fed. R. Evid. 201 and *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018). In the spirit of N.D. Ind. L.R. 7-1(f), a copy of the Interstate Probation Transfer Request is attached. Though Indiana attorneys can access it at mycase.IN.gov, it is not publicly available online.

duties in the supervision of a parolee or investigating and gathering evidence for revocation." *Id.*

In this case, it is unnecessary to sort which alleged actions are immune and which are not because "federal courts are required by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Id.* at 651. As Hypes has recently informed the court, "I have a hold in DeKalb County, IN and a warrant in Mississippi." ECF 23. His Interstate Probation Transfer Request also confirms his supervised probation continues until March 21, 2027. *See In Re: The Interstate Transfer of Probation of Devon Jordan Hypes from De Soto County, MS, to DeKalb County, IN,* 17D01-2404-MC-150, (DeKalb Superior Court filed April 25, 2024).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Here, it was legally frivolous to bring these claims in this court rather than in the State court overseeing his probation. *See Tobey*, 890 F.3d at 651 ("[I]f Tobey has a problem with how his probation officer is treating him, he may easily lodge his objections in the state court overseeing his probation.").

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on October 16, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT